UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JULIUS K. NGANGA, | CASE NO. 1:10CV1059 |
| PETITIONER, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| DISTRICT DIRECTOR, CLEVELAND U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| RESPONDENT. | |

On May 11, 2010, *pro se* Petitioner Julius K. Nganga (Petitioner or Nganga) filed the above-captioned petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Nganga, who describes himself as an 11 year resident of Cuyahoga County, seeks an Order from this Court restraining the Immigration and Customs Enforcement (ICE) agency. For the reasons set forth below, the petition is **DENIED**.

### BACKGROUND

Nganga, who is a native of Kenya, filed an application in 2001 seeking asylum, withholding of removal and protection under the Convention Against Torture. The Immigration Judge (IJ) denied Petitioner's application on May 13, 2008. The IJ classified Petitioner as a deportable alien "who is present in the United States in violation of . . . any other law of the United States." 8 U.S.C. § 1227(a)(1)(B). As a consequence, the IJ immediately issued a Removal Order. Nganga appealed this decision to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision and dismissed Petitioner's appeal on April 7, 2010. Within less than two weeks, Petitioner appealed the BIA's decision

to the Sixth Circuit Court of Appeals. The case is now pending. *See Julius Nganga v. Eric Holder*, Jr., No. 10-3474 (6th Cir. filed Apr. 19, 2010). On May 5, 2010, he also filed a Petition to Stay Removal pending appeal, which is under review by the Sixth Circuit.

Nganga received a telephone call from an unnamed ICE agent on the same date he filed his Motion to Stay. The agent allegedly "suggested" the following to Nganga:

1. Petitioner's 'Appeal had Been Denied'.
2. It would take 18 Months to Deport Petitioner
3. Petitioner Should contact Previous Counsel of Representation.
4. Petitioner should call back for an Inspection And Processing Procedure.

On Monday, May 10th, 2010, Petitioner Recorded a Voice Message Originated by Same caller and asking for call Back to Effect The Previous Demand via a Future Visit To ICE Offices.

(Doc. No. 1, Petition at 2.) Petitioner believes the call from the ICE agent, as well as his 2002 detention in a Newark, New Jersey jail, prove he will soon be taken into custody by ICE. He asks this Court to grant his petition for a writ to "restrain ICE (The Agency) From Arresting, Detaining, Harassing Or And Other Actions Restraining, Restricting Or Excluding Petitioner From Liberty as Protected by The Due Process Clause." (*Id*. at 2.)

## INITIAL REVIEW

This matter is before the court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Moreover, because Nganga is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Considering all of these factors, however, it is apparent Nganga is not entitled to an

award of the writ. *See* 28 U.S.C. § 2243 ("[J]udge . . . shall forthwith award the writ . . . , unless it appears . . . person detained is not entitled thereto.")

### HABEAS PETITIONS

United States district courts have jurisdiction to hear and determine petitions for writs of habeas corpus seeking review of a final decision regarding alien deportation, but the scope of that jurisdiction is limited to review of "purely legal statutory and constitutional claims." *Calcano-Martinez v. I.N.S.*, 232 F.3d 328, 342 (2d Cir. 2000), *aff'd*, 533 U.S. 348, 351-52 (2001). District courts do not have jurisdiction to review discretionary determinations by an IJ or the BIA. *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir. 2001), *cert. denied*, 536 U.S. 941 (2002).

As a threshold matter, a "writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989). The custody requirement limits this "extraordinary remedy" to cases of special urgency involving "severe restraints on individual liberty." *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Some courts have held that a lawful permanent resident of the United States who is subject to a final order of deportation, but not yet deported, satisfies the "in custody" requirement of § 2241(c)(1). *See Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) (holding that the "in custody" requirement of the since-repealed INA habeas provision previously found at 8 U.S.C. § 1105a(a)(10) is satisfied in "situations in which an alien is not suffering any actual physical detention; i.e., so long as he is subject to a final order of deportation"); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994), *cert. denied*, 513 U.S. 1086

3

(1995); *see, e.g,. Mustata v. U.S. Dept. of Justice*, 179 F.3d 1017, 1022 n. 4 (6th Cir. 1999) (plaintiffs not literally in custody, were constructively "in custody" given specialized meaning those words have in the context of an immigration-related habeas petition). Without question, Nganga is not "literally" in custody. While he is subject to a final order of deportation, the question now turns to the scope of this Court's jurisdiction over his habeas petition.

## Habeas Relief Limited

Parts of the Immigration and Nationality Act (INA) were revised and repealed by the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA") on April 1, 1997. Specifically, 8 U.S.C. § 1105a, was repealed and replaced by the following:

> (g) Exclusive jurisdiction.
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g). The Supreme Court noted that the purpose of enacting the statute was to protect the Attorney General's discretionary decisions. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-86 (1999). It narrowed the provisions listed in the statute to apply only to three discrete actions the Attorney General may take: the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* at 482 (emphasis in original). Nganga's request for injunctive relief would restrain the Attorney General's right to detain him pending removal, thus interfering with

the execution of a removal order.

Section 241(a) governs the detention of aliens subject to final orders of removal. It mandates that the Attorney General remove an alien within a 90-day "removal period," 8 U.S.C. § 1231(a)(1)(A); however, an alien found removable under 8 U.S.C. § 1227(a)(2), like Petitioner, "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). In either case, Nganga has not yet been taken into custody, and does not argue any constitutional violation regarding his pending deportation. Thus, his request for preemptive action falls squarely beyond the boundaries of this Court's jurisdiction. Such a request for injunctive relief is further foreclosed by statute, which states:

> Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, *no court may--*
>
> > (A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection.

8 U.S.C. § 1252(e)(1)(A) (emphasis added). Moreover, Nganga's removal period will not even begin to run until either: the date the order of removal becomes administratively final; or, if the Court grants his motion to stay removal, the date of the Court's final order. 8 U.S.C. § 1231(a)(1)(B)(i)&(ii).

Nganga's requested relief falls within the discretion of the Attorney General. *See* 8 U.S.C. § 1252(e); *American-Arab Anti-Discrimination Comm.*, 525 U.S. at 482-86. Accordingly, even when his removal period does begin to run, and Respondent takes him into custody pending removal, Petitioner may only attack the reasonableness of the length of that detention as a statutory or Constitutional challenge. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001) (habeas corpus proceedings are available as forum for statutory and constitutional challenges to post-removal-period detention of alien).

## CONCLUSION

For the foregoing reasons, this action is **DISMISSED,** pursuant to 28 U.S.C. § 2243.[1] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: July 20, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The statute provides, in relevant part:

> * * *
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."